IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| TONNIE BROWN, III )<br>)<br>ADC # 110945 )<br>    Petitioner, )<br>v. )<br>)<br>ARTIS RAY HOBBS, Director, Arkansas )<br>Department of Correction )<br>    Respondent. ) | **Case No. 5:10-CV-00097 JLH-JTK** |

## PROPOSED FINDINGS AND RECOMMENDATIONS

### Instructions

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Tonnie Brown on April 6, 2010. (Doc. No. 1). A response was filed by Respondent Ray Hobbs on May 13, 2010. (Doc. No. 10). Petitioner filed his reply on May 19, 2010. (Doc. No. 11). After reviewing the Parties' briefing and the available evidence, the Court finds that the current action should be DISMISSED.

## Background

Petitioner pled guilty to at least ten different charges spanning five cases in the Pulaski County (Arkansas) Circuit Court. The judgments of conviction were entered for four of those cases[1] on July 18, 1997. On November 7, 1997, Petitioner filed a motion pursuant to Ark. R. Crim. P. 37.1 alleging ineffective assistance of counsel. This motion was denied as untimely on

---

[1] CR 96-1567, CR 96-3695, CR 97-714, and CR 97-820.

November 18, 1997, and there is no indication that this decision was ever appealed. The judgment of conviction for the fifth case[2] was filed on December 17, 1997. Petitioner was sentenced to twenty years in Arkansas Department of Correction as a result of his convictions.

## Discussion

Petitioner requests relief pursuant to 28 U.S.C. § 2254 based on the following four grounds: 1) there is a clerical error in the judgment and commitment orders for two of his cases because they indicate that Petitioner appeared in court on July 2, 1997, rather than July 1, 1997; 2) the judgment and commitment orders for several of the offenses contain erroneous handwritten entries regarding the dates on which those offenses were committed; 3) Petitioner did not receive effective assistance of counsel because he was not informed of his right to appeal; 4) the credits for Petitioner's time served were not calculated properly. However, the merits of these claims will not be addressed because Petitioner's claims are time-barred.[3]

Section 2244 requires state habeas petitioners to file their petitions within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The latest potential starting date for limitations purposes was December 17, 1997,[4] the date that Petitioner's last judgment of conviction was entered, because Petitioner's guilty pleas precluded him from seeking any direct appeal under Arkansas law. Ark. R. App. Proc.—Crim. 1(a). Thus, Petitioner was required to file his federal habeas petition by December 17, 1998. Petitioner did not file the

---

[2] CR 97-2718.

[3] The Court would note that Petitioner's claims are also procedurally-barred. *See Barrett v. Acevedo*, 169 F.3d 1155, 1161 (8th Cir. 1999) ("If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted.").

[4] This date would be even earlier for cases CR 96-1567, CR 96-3695, CR 97-714, and CR 97-820.

current petition until April 6, 2010.  There is no argument or indication that any of the statutory exceptions to the one-year period of limitation apply.  *See* 28 U.S.C. § 2244(d)(1)(B)-(D) (explaining that the limitations period will be tolled in situations where the state impeded relief, new constitutional rights were created by the Supreme Court, or newly discovered facts underpin the claim).  Nor is there any reason to believe that equitable tolling would be appropriate.  *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir.2000) ("Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.").  The failure of Petitioner's trial counsel to inform him of his right to appeal does not excuse the thirteen-year gap between his conviction and his petition for habeas corpus.  *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); *Baker v. Norris*, 321 F.3d 769, 771-72 (8th Cir. 2003) ("[W]e cannot endorse Baker's argument that the Act's title provides an excuse for her not being aware of the one-year statute of limitations.").  Accordingly, the Court finds that the Petitioner's petition is time-barred.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and it is hereby, dismissed, with prejudice.  The relief prayed for is DENIED.

SO ORDERED this 6th day of April, 2012.

_____
United States Magistrate Judge